IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. _____

Vanessa Hutchison,

Plaintiff,

v.

Walmart Inc.,

Defendant.

---

## COMPLAINT

---

Plaintiff, Vanessa Hutchison, through her attorneys of record, KILLIAN DAVIS Richter &

Mayle, PC, hereby submits this Complaint, and states as follows:

### JURISDICTION AND VENUE

1.      On August 26, 2017, and at all other relevant times, Vanessa Hutchison

(hereinafter "Hutchison") was a resident of Grand Junction, Mesa County, Colorado.

2.      On August 26, 2017, and at all other relevant times, Walmart Inc. was and is

registered as a foreign corporation organized under the laws of Delaware with its principal place

of business located at 708 SW 8th Street, Bentonville, AR 72716, United States.

3.      On August 26, 2017, and all other relevant times, Walmart, Inc. ("Walmart") was

doing business in Mesa County, Colorado.

4.      Walmart operates the Walmart store in Mesa County, Colorado, at 2881 North Ave, Grand Junction, CO, 81501.

5.      The torts complained of in this complaint occurred in Mesa County, Colorado.

6.      This Court has personal jurisdiction over Walmart.

7.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 because both Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

9.      Plaintiff incorporates by reference each paragraph of this Complaint.

10.     On August 26, 2017, at about 10:30 a.m., Hutchison went to the Walmart at 2881 North Ave, Grand Junction, CO, 81501, to buy a gift for a birthday party.

11.     Hutchison found a gift and began heading to the cashier to purchase the gift.

12.     On her way to the cashier, Hutchison slipped and fell on a liquid substance.

13.     The liquid substance was a slipping hazard and a dangerous condition on the premises.

14.     The liquid substance was on the floor for at least five minutes before Hutchison fell.

2

15.     Before Hutchison's arrival, there were no signs warning Hutchison or other customers of the substance on the floor.

16.     If the substance had been removed from the floor in a timely manner, Hutchison would not have slipped on the liquid.

17.     If a warning sign had been displayed warning customers that there was a liquid substance on the floor, Hutchison would not have slipped on the substance.

18.     When Hutchison slipped on the liquid substance, her body fell to the floor.

19.     Shortly after the fall, Hutchison experienced a headache and pain in her right knee and hip.

20.     Hutchison continues to suffer from injuries caused by the fall.

21.     Walmart had control over and/or the ability to exercise control over certain activities occurring inside the Walmart store at 2881 North Avenue, Grand Junction, CO, 81501.

22.     Walmart had the ability to inspect the premises inside the Walmart store at 2881 North Avenue, Grand Junction, CO, 81501, to ensure the safe condition of the property.

23.     Walmart had the ability to require remediation of unsafe activities or conditions occurring inside the Walmart store at 2881 North Avenue, Grand Junction, CO, 81501.

24.     Hutchison has incurred damages, harms, and losses as a result of her fall at Walmart on August 26, 2017.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE
## C.J.I.-Civ. 9:1

25.     Hutchison incorporates by reference each paragraph of this Complaint.

26.     Hutchison incurred injuries, damages, and losses as a result of the August 26, 2017 incident.

27.     Walmart was negligent.

28.     Walmart's negligence was a cause of Hutchison's injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
## PREMISES LIABILITY TO INVITEE – SECTION 13-21-115, C.R.S.
## C.J.I.-Civ. 12:3

29.     Plaintiff incorporates by reference each and every paragraph of this Complaint.

30.     Hutchison incurred injuries, damages, and losses as a result of the August 26, 2017 incident.

31.     On August 26, 2017, and all other relevant times, Walmart was a "landowner," as defined in section 13-21-115(1), C.R.S., of the property at 2881 North Ave, Grand Junction, CO, 81501.

32.     On August 26, 2017, Hutchison was an "invitee," as defined in section 13-21-115(5)(a), C.R.S., when she entered the Walmart store at the Walmart store at 2881 North Avenue, Grand Junction, CO, 81501.

33.     Walmart knew or, through the exercise of reasonable care, should have known about the liquid substance that Hutchison slipped on.

4

34.     Walmart knew or, through the exercise of reasonable care, should have known that the liquid substance on the floor constituted a danger to shoppers, including Hutchison.

35.     Walmart failed to exercise reasonable care to protect Hutchison from the danger on the property.

36.     Walmart's failure to exercise reasonable care to protect Hutchison from the danger on its property was a cause of Hutchison's injuries, damages, and losses.

**THIRD CLAIM FOR RELIEF**
**PREMISES LIABILITY TO LICENSEE**
**Section 13-21-115, C.R.S.**
**C.J.I.-Civ. 12:2**

37.     Plaintiff incorporates by reference each and every paragraph of this Complaint.

38.     Hutchison incurred injuries, damages, and losses as a result of the August 26, 2017 incident.

39.     On August 26, 2017, Hutchison was a "licensee," as defined in section 13-21-115(5)(b), C.R.S.,  when she entered the Walmart store at the Walmart store at 2881 North Avenue, Grand Junction, CO, 81501

40.     On August 26, 2017, Hutchison entered or remained on Walmart's property for her own convenience or to advance her own interests pursuant to Walmart's permission or consent.

41.     Hutchison had Walmart's express and/or implied permission or consent to enter or remain on its property.

5

42.     Walmart failed to use reasonable care with respect to a danger on the property which it created and it actually knew about before Hutchison incurred any injuries, damages, or losses.

43.     Alternatively, Walmart failed to use reasonable care to warn of a danger on the property which it did not create, but which it actually knew about, and the danger was one not ordinarily present on property of the type involved in this case.

44.     Walmart's failure to exercise reasonable care to protect Hutchison from the danger on its property was a cause of Hutchison's injuries, damages, and losses.

## DAMAGES
### C.J.I.-Civ. 6:1 and 6:1A

45.     Plaintiff incorporates by reference each paragraph of this Complaint.

46.     Hutchison suffered injuries, damages, and losses as a result of the August 26, 2017 incident.

47.     Walmart's acts and/or omissions caused Hutchison to incur past and future economic injuries, damages, and losses, which include loss of home services; reasonable and necessary medical expenses including but not limited to: physician, hospital, physical therapy, prescription, and other expenses.

48.     Walmart's acts and/or omissions caused Hutchison to incur past and future non-economic injuries, damages and losses, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life.

49.     Walmart's acts and or omissions caused Hutchison to suffer permanent physical impairment and/or disfigurement.

WHEREFORE, Plaintiff respectfully requests:

A.     Judgment be entered against Defendant for a monetary sum, in an amount to be proven at trial;

B.     Pre-judgment and post-judgment interest;

C.     Costs of litigation, including expert witness fees; and

D.     Such other and further relief as the court deems just and proper.

DATED this 24th day of May, 2019.

KILLIAN DAVIS
Richter & Mayle, PC

*/s/ Joseph H. Azbell*
Joseph H. Azbell, Esq.          No. 44586
Attorney for Plaintiff