IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-01496-SKC

VANESSA HUTCHISON,

    Plaintiff,

v.

WALMART, INC.,

    Defendant.

---

**ORDER RE: MOTIONS TO STRIKE OR LIMIT EXPERT TESTIMONY [#72, #73]**

---

On August 26, 2017, Plaintiff was shopping at one of Walmart's stores in Grand Junction, Colorado. [#52-1 at ¶¶1-2.] While there, she slipped on a clear liquid and fell, suffering physical injuries. [*Id.* at ¶6; *see also* #1.] Her fall was captured on one of Walmart's security cameras. [#52-1 at ¶¶5-6.] Plaintiff contends Walmart failed to act reasonably to protect her from the danger (the clear liquid) in violation of the Colorado Premises Liability Act, Colo. Rev. Stat. § 13-21-115. [#1.]

After initiating this lawsuit, Plaintiff retained Dilaawar Mistry, M.D., as a medical expert, and Pat Riley, P.T., to perform a functional capacity assessment. Dr. Mistry concluded Plaintiff was not yet at maximum medical improvement and given her symptoms, limitations, and risk factors, meaningful recovery for employment was currently unlikely. [#79-1 at p.22.] Dr. Mistry also stated it was too soon to make any

1

assessment regarding the permanence of Plaintiff's injuries.

In his report, Mr. Riley concluded Plaintiff could perform jobs classified as sedentary-light, which is defined as lifting 15 pounds or less on an occasional basis. He also concluded Plaintiff should not perform overhead lifting or reaching and she needed a job with low environmental stimulus. He stated a safe and sustainable work tolerance would be eight hours per day, four days per week, and recommended Plaintiff's screen time be limited to 15 to 30-minute intervals for no more than one hour per day. [#79-2 at p.7.]

In support of her claim for damages, Plaintiff endorsed Amanda Munzer and Don L. Frankenfeld to offer vocational and economic opinions, respectively. [#72-2, #76-2.] Walmart seeks to exclude or limit Ms. Munzer's and Mr. Frankenfeld's testimony on the basis they are not qualified to offer opinions regarding the permanence of Plaintiff's alleged injuries. [#73

Having reviewed the parties' respective positions, the evidence, and the relevant law, the Court **GRANTS IN PART** and **DENIES IN PART** Walmart's Motion to Strike Ms. Munzer and **DENIES** Walmart's Motion to Strike Mr. Frankenfeld.

## DISCUSSION

Walmart seeks to prevent Ms. Munzer from offering testimony that Plaintiff cannot work for the rest of her life based on the alleged permanence of her injuries. It also moves to exclude Ms. Munzer's testimony regarding Plaintiff's potential lost wages or earning capacity as a teacher, truck driver, or medical assistant. [#72.] It further seeks to strike Mr. Frankenfeld because his calculations are based on salary numbers offered by Ms.

2

Munzer, which Walmart believes to be unsupported. [#73.]

**A. FRE 702**

Federal Rules of Evidence 702 provides:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise.

Rule 702 imposes three requirements for the admission of expert testimony, which the proponent bears the burden of establishing. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009); Fed. R. Evid. 702 advisory comm. notes. First, the expert must be qualified by specialized knowledge, skill, experience, training or education to testify on the subject matter of his or her testimony. Second, the testimony must be based upon sufficient facts or data; the product of reliable principles and methods; and the product of the reliable application of these principles and methods to the facts of the case. *Cook v. Rockwell International Corp.*, 580 F.Supp.2d 1071, 1085-86 (D. Colo. 2006). Finally, the proffered expert testimony must be relevant to an issue in the case and thereby assist the jury in its deliberations.

About reliability, in *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227 (10th Cir. 2005), the Tenth Circuit stated trial courts must apply the following four factors to make a reliability determination:

(1) whether a theory has been or can be tested or falsified; (2) whether the theory or technique has been subject to peer review and publication; (3) whether there are known or potential rates of error with regard to specific techniques; and (4) whether the theory or approach has "general acceptance."

*Id.* at 1233 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94

(1993)). Under *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), these factors are used to determine the admissibility of non-technical expert testimony. *Id.* at 149.

The district court performs an important gatekeeping function in assuring each of these prerequisites is satisfied. *Macsenti v. Becker*, 237 F.3d 1223, 1230-34 (10th Cir. 2001). However, in discharging its gatekeeper responsibilities, the Court remains mindful that "Rule 702 mandates a liberal standard" for the admissibility of expert testimony. *Cook*, 580 F.Supp.2d at 1082. The decision to admit or exclude expert testimony is committed to the sound discretion of the district court. *Summers v. Missouri Pacific Railroad System*, 132 F.3d 599, 603 (10th Cir. 1997).

**B. Expert Opinions of Amanda Munzer, M.A.**

The Court first considers whether Ms. Munzer is qualified to offer testimony regarding the permanence of Plaintiff's alleged injuries and her future employability based on Ms. Munzer's "knowledge, skill, experience, training, or education[.]" Fed. R. Evid. 702. An expert need not be specialized within a particular subject area, but to qualify as an expert, a proposed witness must possess "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (quoting *Graham v. Wyeth Labs.*, 906 F.2d 1399, 1408 (10th Cir. 1990)). Proposed testimony must "fall within the reasonable confines of [the witness's] expertise." *Conroy v. Vilsack*, 707 F.3d 1163, 1169 (10th Cir. 2013) (citations and quotations omitted).

Ms. Munzer, a vocational rehabilitation counselor, is clearly qualified to opine on

whether an individual's skills are transferrable or whether the person can properly perform certain jobs based on identified functional limitations. To be sure, in her role as a Vocational Expert ("VE") for the Social Security Administration Office, Ms. Munzer is tasked with doing just that. [#72-1.]  Therefore, the Court finds Ms. Munzer qualified to opine on whether Plaintiff's current limitations (as stated by Dr. Mistry and Mr. Riley) preclude her from working in positions she held in the past or was previously qualified to perform.

The Court further finds Ms. Munzer's methodology for these determinations to be sufficiently reliable. Ms. Munzer began with Plaintiff's stated limitations identified by Dr. Mistry and Mr. Riley and then compared whether these limitations would preclude her ability to perform certain jobs described in the Dictionary of Occupational Titles. This method is sound and routinely used by VEs to provide assessments in administrative proceedings for the determination of disability benefits. Moreover, the testimony is relevant to Plaintiff's claimed damages for lost earning capacity. For these reasons, Ms. Munzer's testimony concerning Plaintiff's identified functional limitations and how those limitations affect her ability to now perform jobs she held or qualified for in the past (specifically, the three positions identified in Ms. Munzer's report) are admissible.

Walmart further objects to Ms. Munzer offering testimony regarding the salary ranges or amounts for Plaintiff's previous positions of teacher, truck driver, and medical assistant. Walmart argues Plaintiff does not have a teaching license, and therefore, salaries for licensed teachers are too speculative. It also contends Plaintiff has not worked as a truck driver in over 10 years and has expressed no intention of returning to that

5

position, therefore, truck driver qualifications and salaries are baseless. Similarly, Walmart notes, despite having a degree, Plaintiff has never worked as a medical assistant.

While these points are well-taken, the Court concludes these arguments go to weight and not admissibility. Her reliance on certain assumptions does not render Ms. Munzer's testimony concerning the compensation ranges associated with these positions inadmissible. *See Mueller v. Swift*, No. 15-cv-1974-WJM-KLM, 2017 WL 3175798, at *2 (D. Colo. July 25, 2017). Although slight, Plaintiff does have some factual connection to each of these jobs for potential employment; therefore, Ms. Munzer's assumptions are not wholly attenuated, as Walmart suggests. Criticism of Ms. Munzer's reliance on salaries for licensed teachers or her consideration of jobs remote in time or never held by Plaintiff "may certainly be brought out on cross-examination and by competing evidence." *Id*; *see also* Fed. R. Evid. 702, advisory committee's note ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") Therefore, the Court concludes Ms. Munzer may testify regarding Plaintiff's current abilities to perform these three jobs and may also testify regarding salaries or salary ranges for these jobs, as stated in her report. In this regard Walmart's Motion is **DENIED**.

But the Court will preclude Ms. Munzer from testifying about Plaintiff's ability to secure these three jobs, or any jobs, in the future. In her report, Ms. Munzer states:

> If [Plaintiff] were to seek other employment, she may qualify for employment with accommodations. However, an employer would likely choose another candidate due to [Plaintiff's] limitations. Laws are in place to protect individuals with disability from employer discrimination; however, individuals

with disability continue to experience discrimination in the workplace. Due to this, [Plaintiff] would be at a disadvantage in the competitive labor market given her disability conditions and symptoms. <u>She may experience disability discrimination in the workplace for the remainder of her work life</u>.

[#72-2 at p.13 (emphasis added).] She then opines essentially that Plaintiff is unemployable and will remain unemployed because, with her functional limitations, employers will discriminate against her and hire other candidates without functional limitations.

Plaintiff argues since Colorado law holds expert testimony is not required to establish the permanence of one's injuries, surely an expert like Ms. Munzer may reasonably assume Plaintiff's limitations are permanent based on their duration and ongoing nature, and opine Plaintiff will not be able to work in the future. The Court is not persuaded when considering the specific opinions expressed in Ms. Munzer's report.

First, while it is accurate expert testimony is typically not necessary to establish permanent injury, when a party chooses to designate an expert witness on the subject the expert witness's opinions must satisfy F.R.E. 702 and the Court must conduct its *Daubert* analysis. Here, Ms. Munzer does much more than merely assume Plaintiff's injuries are permanent. She goes further to opine Plaintiff's limitations make her permanently unemployable. Thus, the Court must analyze her opinions under F.R.E. 702.

Second, Ms. Munzer's opinion that Plaintiff's limitations permanently prevent her from working in the future are not based on an examination of Plaintiff's injuries as they relate to other jobs in the marketplace. For example, Ms. Munzer does not take Plaintiff's functional limitations and identify which jobs in the marketplace Plaintiff is limited to performing based on those restrictions, and then opine as to why Plaintiff cannot even

perform those jobs. Her opinion is instead tied to conjecture that all employers in all job categories will choose to flout federal and state laws and unlawfully discriminate against Plaintiff by not hiring her because of her limitations. This opinion is entirely unreliable. Ms. Munzer offers no methodology or evidence in support of this broad conclusion. While it may be true Plaintiff's limitations could improperly impair her employability for certain positions in some employers' eyes, to opine that employers generally will discriminate against Plaintiff and not hire her because of her limitations, without more, is an opinion too far. *See* F.R.E. 702, advisory committee's note (2000 amendments) (courts should consider whether "the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion").

Third, Ms. Munzer's opinion Plaintiff is permanently unemployable is internally inconsistent because she opines Plaintiff may indeed qualify for work with accommodations.

For these reasons, Walmart's request to exclude Ms. Munzer's opinions concerning Plaintiff's permanent unemployability is GRANTED.[1]

## C. Expert Opinions of Don L. Frankenfeld, MBA, MPA

Walmart moves to strike Mr. Frankenfeld's estimate of Plaintiff's lost earning capacity arguing his opinions are tied to Ms. Munzer's opinions concerning compensation. Walmart does not challenge Mr. Frankenfeld's qualifications or his methodology. Rather, it objects to his use of Ms. Munzer's salary estimations for truck driving and teaching.

---

[1] It will be for the jury to decide based on the evidence adduced at trial whether Plaintiff's injuries are permanent and the duration for which those injuries impair her earning capacity, if at all.

Walmart argues because Ms. Munzer's salary estimates are unsupported, Mr. Frankenfeld's testimony must be excluded.

"There are uncertainties inherent in any estimation of future damages; however, this fact generally should not prevent a plaintiff from presenting such an estimate-based on competent evidence and reasonable inferences therefrom-and having its estimate evaluated by the trier of fact." *Denny Constr., Inc. v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs,* 199 P.3d 742 (Colo. 2009) (en banc). As mentioned above, Walmart's arguments regarding Plaintiff's salary and history go to weight not admissibility. "For example, even when there is a reasonable certainty that a plaintiff may not even be able to remain legally in the country, the Colorado courts have ruled that this fact goes to reasonableness of a future damages award and does not create an absolute bar to such damages." *Ryskin v. Banner Health, Inc.*, No. 09-cv-01864-MEH-KMT, 2010 WL 4873671, at *1 (D. Colo. Nov. 23, 2010) (citing Silva v. Wilcox, 223 P.3d 127, 133 (Colo. App. 2009)).

Here, Mr. Frankenfeld makes permissible assumptions that Plaintiff had some interest in returning to truck driving or continuing to teach. As the Court has stated, there is at least some evidence of Plaintiff's connection to these jobs.[2] To the extent evidence shows Plaintiff's intentions were to the contrary, Walmart may explore that on cross-examination. Because the Court will permit Ms. Munzer to testify regarding the salary ranges for teachers and truck drivers, Mr. Frankenfeld may also offer his expert testimony

---

[2] Plaintiff apparently kept her commercial truck driving license current and was unable to renew it following the accident. Whether the evidence was properly disclosed or admissible is a question for another day.

9

based on these numbers. Therefore, Walmart's request to exclude this testimony is DENIED.

*       *       *

Walmart's Motion to Strike or Limit Amanda Munzer, M.A. Under Rule 702 [#72] is GRANTED IN PART and DENIED IN PART.

Walmart's MOTION to Strike or limit Don L. Frankenfeld, MBA, MPA Pursuant to Rule 702 [#73] is DENIED.

DATED:       October 31, 2020

BY THE COURT

_____

S. Kato Crews
U.S. Magistrate Judge